# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MEREDITH MCGLOWN, | CASE NO. C19-1658 RSM |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| STATE OF WASHINGTON, et al., | |
| Defendants. | |

*Pro Se* Plaintiff, Meredith McGlown, has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #3. Plaintiff's Complaint was filed on October 23, 2019. Dkt. #4. Summonses have not yet been issued.

The main thrust of Plaintiff's Complaint appears to be her discontent with the results in four other cases she has previously filed with this Court. *Id.* at 7 (referencing *McGlown v. Washington*, C17-202JCC; *McGlown v. Lewis*, C17-924RAJ; *McGlown v. Dept. Homeland Security*, C18-1403RSM; *McGlown v. Mellburg Fin. Group Inc.*, C19-29RSL). All four were dismissed by this Court, all four were appealed to the United States Court of Appeals for the Ninth Circuit, and all four were dismissed by the Court of Appeals (three as frivolous and one on jurisdictional grounds). Plaintiff complains that mandates have issued and that a date for oral argument has never been set and seeks to "meet with the Appellant Commissioner in chambers.".

ORDER – 1

*Id.* at 5, 8–9. Perhaps alternatively, Plaintiff seeks "an injunction to have [her] case prioritized & set forth for a trial in a Court of law in the Nakamura U.S. Appeals court house." *Id.* at 9.

Beyond this, the Court is unable to discern a coherent thread linking Plaintiff's various allegations. Plaintiff indicates that Washington "is in litigation in a court of law over contractual breaking of a governmental contract that did not get honored by the U.S. Congressional House of the United States nor by the Nation of Islam." *Id.* at 5. She alleges that "[d]amages to the case has resulted in the Makat Trust being replaced & to the terrorist acts & threats upon my persons the loss of business & the issuance of my bonds from the United States of America. *Id.* Further, she alleges that she "was extorted & raped through the Microsoft Symantec 365 app and [] was gene typed" and denied adequate medical care by a Swedish Hematologist. *Id.* at 9.

Where Plaintiff is proceeding *in forma pauperis*, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint suffers from various defects. Plaintiff does not provide any basis for the relief she appears to seek—hearings in her otherwise resolved cases—and the action appears frivolous. Outside of Plaintiff's claims related to her resolved cases, Plaintiff's Complaint does not appear to set forth a claim for relief as required by Federal Rule of Civil Procedure 8(a). The Court is unable to identify the causes of action Plaintiff seeks to pursue, the facts supporting those causes of action, or the relief requested. Dismissal appears appropriate.

Perhaps more significantly, Plaintiff does not establish a clear jurisdictional basis for the Court to hear this case. As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that a case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading

ORDER – 2

sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A plaintiff may establish federal question jurisdiction by pleading a "colorable claim 'rising under' the Constitution or laws of the United States" or by pleading "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently set at $75,000. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations omitted). Plaintiff's Complaint does none of these and alleges that the Court's jurisdictional requirements "do[] not apply." Plaintiff's Complaint appears deficient.

In Response to this Order, Plaintiff must file a short and plain statement telling the Court (1) the law or laws upon which her claims are based, (2) how the disputes fall within the scope of those laws, (3) the specific relief she seeks, and (4) how her Complaint otherwise fits within the Court's limited jurisdiction. The Response **may not exceed six (6) double-spaced pages**. Plaintiff is not to file additional pages as attachments.

Accordingly, the Court hereby finds and ORDERS that Plaintiff shall file a Response to this Order to Show Cause containing the detail above **no later than twenty-one (21) days from the date of this Order**. Failure to file this Response will result in dismissal of this case. The Clerk shall send a copy of this Order to Plaintiff's last known address at 1205 Thomas Street, Unit 27, Seattle, WA 98109-5437.

DATED this 24th day of October 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3